KINKADE, J.
The plaintiff in error was charged, in the indictment r ;- turned by the grand jury, with having committed the crime of murder in the second degree by the killing of his father-in-law, William Edward Dindore, on the morning of December 13,1913.
A plea in abatement was filed by the accused and met by a demurrer on the part of the state. The demurrer was sustained. After a very careful examination of all that is claimed *418 by the accused in support of this plea we are of the opinion that the action of the trial court in sustaining the demurrer was correct.
After a very long trial the jury returned a verdict finding 1he plaintiff in error guilty of manslaughter under the indictment mentioned. Motion for a new trial was overruled and judgment and sentence of the court followed pursuant to the verdict. A very large number of errors are assigned as necessitating a reversal of this judgment.
In the view that we take of the evidence in the case, we think it unnecessary to review in this opinion all of the claimed errors or to even mention more than a few of them specifically. The record embraces several hundred pages of evidence and a very large number of exhibits, including two maps exhibiting the scene of the tragedy and the territory thereabouts.
Over two hundred exceptions were taken during the trial by counsel for the accused with respect to rulings upon evidence, requests to charge and otherwise by the trial judge.
The case was very fully and very ably argued, both orally and in printed briefs, by counsel for the accused and for the state. On account of the great importance of the case we have devoted a large amount of time to the reading and careful study and comparison of the evidence and have read with great care every syllable of evidence in the case and examined all the requests to charge and the general charge and the exhibits.
Speaking of those things that took place at the trial to which our attention has been called by the plaintiff in error and which we deem of sufficient importance to justify special mention, we refer to request to charge, number 37, presented by counsel for the accused, which reads as follows:
“The court further instructs the jury that when the evidence fails to show any motive to commit the crime charged, on the part of the accused, this is a circumstance in favor of his innocence. And in this case if the jury find, upon careful examination of all the evidence, that it fails to show any motive, on the part of the accused, to commit the crime charged against him, then this is a circumstance which the jury ought to consider in *419 connection with the other evidence in the case in making np their verdict. ’ ’
This request was refused by the trial judge and an exception noted. We think this is a correct statement of the law and that this, or the substance of this request, should have been embodied in the general charge, and that the omission so to do was error prejudicial to the accused.
All of the requests to charge offered by counsel for the accused were asked to be given before argument. The statute relative to giving, before argument, written requests presented by counsel, applies to civil eases and not to criminal cases. Umbenhauer v. State, 2 Circ. Dec. 606 (4 R. 378), affirmed by the Supreme Court, without report, March 4, 1890, 23 Bull. 176.
This decision has been several times followed by this court. However, we think the request, presented as it was prior to the general charge of the court, should have been covered thereby as stated, and we are of the opinion that the language of the court found on page 7 of the general charge did not sufficiently cover that object. It was conceded in argument in this court that the record contained no evidence of any motive on the part of the accused to commit the crime- charged. That being true, we think the charge would have been in better form had the court stated the fact to the jury that there was no evidence in the record tending to show any motive, and then have stated to the jury what the law was in a criminal case notwithstanding the fact that there was no evidence tending to show motive.
In view of the fact that sixty-six requests to charge were presented in this case we think the attention of counsel should be called to the case of American Steel Packing Co. v. Conkle, 86 Ohio St. 117 [99 N. E. 89]. In any criminal ease a very few requests, carefully drawn, should be amply sufficient to cover every possible question of importance in the case, and the giving to the jury of numerous requests, in addition to the general chai’ge, puts an unwarranted element of confusion into the minds of the jury. We heartily approve of the rule laid down by the Supreme Court in the case cited.
*420 We find in tbe general charge of tbe court on page 13 tbe following language:
“Tbe court further instructs tbe jury that tbe confessions of tbe accused out of court are a doubtful species of evidence and should be acted upon by tbe jury with great caution, and unless they are supported by some other evidence tending to show that tbe accused committed tbe crime, they are rarely sufficient to warrant a conviction. But confessions, however, may and should be taken into account by you with tbe other evidence in tbe case, and observing the caution of the court as to tbe effect of such evidence relating to confessions, you should give it such weight as you think it is entitled to receive.”
Evidence was offered on behalf of tbe accused tending to show that no confession bad been made by tbe accused to' one Richard Smith. Tbe court very properly excluded this evidence, on tbe motion of counsel for tbe state, for tbe reason that no evidence had been offered by the state that any such confession ever took place. In tbe argument of tbe case in this court it was stated by counsel for the state that they did not claim, either in the trial court or in this court, that any confession had been made by the accused. In view of this position taken by the state, and the state of the evidence in this record, we think the language of the court quoted from the general charge was not an accurate statement of the law and that the court was not justified in using the word confession in the relation there used, which was susceptible of being understood by the jury as a statement from the court, that the court was of the opinion that there was some evidence in the case of some kind of a confession.
Quoting from 3 Encyclopedia of Evidence, 297 and 298, we think this is the correct statement of the law:
“A confession is a voluntary admission of guilt of a criminal offense. They are distinguished from admissions in civil cases and from admissions of fact in criminal cases tending to prove the offense charged but not amounting to a confession of guilt. To constitute a declaration a confession within the legal meaning of the term, it must amount to a confession of the crime charged or participation in such crime as distinguished from *421 the admissions or other statements tending to prove guilt or innocence or of facts from which, taken together, guilt is directly dedueible. ’ ’
If it be claimed that statements by the accused are in a measure an admission of his guilt or are indicative of his guilt, the trial judge, where the evidence is in dispute as to whether the statements were made and if made whether they amount to a confession, should leave the question to the jury as to whether the statements were made, and also the question as to what, if made, their effect was in establishing the issue in dispute, and the trial judge should not designate such statements, if any there be, as a confession.
In some of the requests to charge and at more than one place in the general charge the jury were instructed that each juror must be satisfied from the evidence, beyond a reasonable doubt, in order to find the accused guilty, or else the accused must be acquitted. This form of instruction was disapproved by the Supreme Court in the case of Davis v. State, 63 Ohio St. 173 [57 N. E. 1099], where it is said:
‘ ‘ The proper charge to a jury in a criminal ease is, that the jury and not that each juror, should be convinced beyond a reasonable doubt of the guilt of the accused before finding him guilty.”
The charge as given in this respect was, of course, not prejudicial to the defendant, but we call attention to the matter in view of our disposition of the case.
It was claimed on the trial by counsel for the accused that he had the right to show that when he was visited by various county officers and others in connection with investigations made about the homicide, that he then disclosed to them all that he knew on the subject, and evidence was offered tending to show the fact of such disclosures. This evidence was rejected by the court on motion of the state and an exception saved. Evidently the ruling of the court was based upon the fact that no evidence had been offered by the state tending to show any refusal of the accused to answer inquiries put to him or give such information as was within his possession with respect to the homicide, and, consequently, the state making no such claim against *422 Mm, there was no propriety in Ms showing that he had not so refused. It is entirely clear that if the accused, in the absence of any such evidence as I have indicated on behalf of the state, were permitted to travel over numerous interviews had with other persons and show in detail the inquiries that were made of him and that he answered them all, etc., an issue involving almost an endless amount of time would be brought into the case. The defendant being attended by the presumption of innocence and only required to answer that wMch the evidence of the state tended to establish as wrong conduct on his part, we think the action of the trial court was correct in excluding the character of evidence referred to.
The accused was inquired of by Ms counsel whether he had ever been in trouble before. The question was objected to and excluded by the court and an exception saved. We think the question was too general in this form and that the action of the trial court with respect to it was correct. We are not meaning by this to say that the accused might not have been inquired of by his own counsel as to whether he had ever been guilty oE any breach of the peace, or whether he had ever been convicted in any court as a violator of the law. It was also entirely proper for the accused, if he saw fit to do so, to show by competent proof what his general reputation was in the neighborhood in which he resided, with respect to whether he was a peaceable and law-abiding citizen or not, and this might be shown by the accused whether the state had offered any evidence touching these points or not. What has been said in this respect rests upon the well known principle that a man of good reputation in any respect is less likely to have violated the law in that respect than one of vicious tendencies along the same lines.
We call attention to one feature of the trial which is not claimed by the plaintiff in error to present prejudicial error against him but which we think is worthy of comment, and that is the letter from the deceased, Edward Dindore, to his son, every page of which was identified by the evidence of the son as being in the handwriting of Edward Dindore and was said to have been l’eceived, in due course of mail, sealed up, by the *423 son to whom it was addressed. If the state had no evidence to present concerning this letter except what the record discloses they did present, then manifestly the letter was clearly incompetent.
The ruling of the court excluded the letter and the showing made by the state with.respect to it was unquestionably correct, but it does not follow in many instances that no prejudice arises to the party against whom a piece of evidence is tendered simply by reason of the fact that it is excluded from the jury on his motion. The jury are not acquainted with the technical rules of evidence and when a witness is offered on one side of a trial who is clearly disqualified to testify, or when a piece of documentary evidence is offered that is clearly incompetent as the record stands, the presentation of the witness or the document, associated with the necessary objection from the other side, may well raise in the minds of some of the jury at least a suspicion that the witness or the document offered would have disclosed something detrimental to the party objecting had the objection not been made. It was not contended in this court in argument that the letter in this case was competent. It was only hinted that had it been admitted it might have furnished some evidence of motive on the part of the accused. We think before the letter was offered in the presence of the jury, at least, counsel by his professional statement should have made it reasonably certain to the trial judge that further proof showing the competency of this letter would be offered in due time. In view of the importance in criminal trials that attaches to the presence or the absence of motive as an incident of the crime, and particularly in cases where the evidence is largely circumstantial, we think care should be observed in offering evidence of doubtful competency to see that no situation is presented that is likely to produce an unwarranted impression upon the minds of the jurors. Very wide latitude must rest with the trial court in matters of this character, and we are not indicating any particular rule that should he followed. All that we mean to say is that in respect to the letter in question we think something further should have come from the counsel offering it with respect to additional evidence to establish its competency *424 before it was offered in tbe ease. What has been said with respect to this letter is said without any knowledge on the part of this court of the contents of the letter, as it is not attached to the bill of exceptions.
Our attention is called by counsel for plaintiff in error to several rulings of the court on motions to withdraw from the consideration of the jury evidence that had been admitted without objection, these rulings being claimed as errors. We think it is sufficient to say, in general, covering all instances of this bind in the record, that it is not correct practice for counsel to permit evidence claimed by him to be incompetent to be placed before the jury without objection and then move the court to strike it out. When evidence is believed to be incompetent on any ground and counsel wish to have it excluded from the consideration of the jury, the proper practice is to object to it when it is offered, and save an exception there to the ruling of the court if the ruling is not satisfactory to counsel.
Wre are not, of course, meaning by what is said in this respect, to cover instances where witnesses answer before counsel have an opportunity to object. In such case the only course open to counsel is to move to strike out the incompetent answer that has thus come in.
The conclusion that we have reached with respect to the evidence makes 'it wholly unnecessary to discuss all of the grounds stated in the motion for a new trial.
And lastly, we come to the most important question in the case, and that is the sufficiency of the evidence to sustain the verdict returned and the judgment entered thereon.
It has long been the uniform practice of this court when reversing a ease on the ground that it is not sustained by sufficient evidence to omit entirely any detailed discussion of the evidence, and this for the reason that on a re-trial the evidence may not be the same and a discussion of the evidence by the reviewing court might give to one side or the other an unfair advantage in the re-trial of the ease. Therefore, although we have spent several days in the examination of this evidence, and although it would be perfectly easy at this time to discuss the *425 whole record in this respect in detail, for the reasons stated, and for the further reason that such discussion would unwarrantably prolong this opinion, I will state only the conclusion w* have unanimously reached, and that is, that the verdict and judgment are not sustained by sufficient evidence.
We find no other errors in the record sufficiently prejudicial to the accused to justify a reversal, but for the error of the court in refusing to give, in substance, in the charge to the jury the matter contained in request number thirty-seven, here-inbefore quoted, and in refusing to grant a new trial to the plaintiff in error on the ground that the verdict and judgment were not sustained by sufficient evidence, the judgment of the court of common pleas will be reversed and the cause remanded for new trial.
Richards and Qhittenden, JJ., concur.